# NEWHALL v. LE BRETON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CALIFORNIA.

Argued November 2, 1886. — Decided November 29, 1886.

The evidence in this case, if admissible, establishes as a fact that the defendant was entitled to reimburse himself in full out of the trust estate before satisfying the demand of the plaintiff.

This action was commenced in the Superior Court of the State of California for the city and county of San Francisco, and removed thence to the Circuit Court of the United States. The material allegations in the complaint were the following:

"The plaintiff complains of the defendants and shows that on or about the first day of October, A.D. 1870, Juana M. Estudillo, José Ramon Estudillo, José Antonio Estudillo, José Vicente Estudillo, Luis D. Estudillo, Jesus Maria Estudillo, Magdalena E. Nugent, and John Nugent were indebted to the defendant, Le Roy, in the sum of three hundred and ninety seven thousand eight hundred and forty nine dollars ($397,-849.00), and the said parties were indebted to W. H. Patterson in the sum of thirteen thousand dollars ($13,000.00), and to S. M. Wilson and A. P. Crittenden in the sum of thirteen thousand dollars ($13,000), and to John B. Felton in the sum of twenty three thousand dollars ($23,000.00), making in all the sum of forty nine thousand dollars ($49,000.00), and the said forty nine thousand dollars added to the said sum due the defendant, Le Roy, made the sum of four hundred and forty six thousand eight hundred and forty nine dollars ($446,849.00), gold coin of the United States, and the said Estudillos and Nugents agreed on said day to give to defendant, Le Roy, a deed

for certain ˙tracts or parcels of land and other property, and to pay to the parties to whom they were indebted the said sums, with interest thereon at˙ one and a quarter per cent. per month until paid, and to give a ˙deed ˙of trust for certain property to ˙secure the payment thereof to the defendant, Le Roy; and the plaintiff further shows that, in˙ conformity with said agreement, the said parties did execute and deliver to the defendant, Theodore Le Roy, a deed, as follows."

The deed, after reciting that the party of the first part was indebted to the party of the second part in the sum of $446,849, and after granting and·conveying the described tracts, provided for several trusts, among which were the following :

"Third. ·To sell the same or any parts or parcels thereof for cash or for part cash and on credit at public or private sale, with or without notice to the said parties of the first part, it. being understood that said Le Roy may sell, discount, and dispose of all or any notes, mortgages, or securities taken for deferred payments, at his discretion ; also to lease the same in parcels or as a whole.

"Fourth. To pay off the said indebtedness hereinabove specified, with the interest thereon, and all sums which may hereafter be advanced by the said party of the second part to the said parties of the first part, or any or either of them, or at the request of any or either of them; also all taxes, liens, or other incumbrances, costs of lawsuits, and counsel fees, and other expenses of litigation spent in and about the protection of the title of the said property, it being understood that all advances made by the said party of the second part to the said parties of the first part, or any or either of them, shall bear interest from the date of the advance at the rate of one and one quarter per cent. per month.

"Fifth. · To retain as commissions two and one half per cent. of the gross amounts of all sales made by the said party of the second part."

"Eighth. The said party of the second part shall receive commissions on all sales at the rate of two and one half per centum on the dollar, such commissions, however, not to be deducted or charged until all payments above mentioned are made."

The complaint then alleged that the amounts due Patterson, Wilson, Crittenden, and Felton were included in the $446,849; that Le Roy by accepting the deed became a trustee for them; that defendant entered into possession of the property; that judgment had been rendered for a sale of the trust estate to satisfy the trust debts; that the property had been sold and a part of it purchased by defendant; that Patterson, Wilson, and Crittenden had assigned their interests to plaintiff; that plaintiff had demanded of defendant an account and settlement, and a conveyance of a portion of the property, or a payment of the amount due him; and that defendant had refused to convey to him or to recognize his rights. The prayer of the bill was "that the defendant may be compelled to account for all sums received under the said deed of trust, and that he may be decreed to hold all land purchased by him in trust for the plaintiff, and that he be decreed to convey to plaintiff his just proportion thereof, and for such other and further relief as may be necessary, and costs of suit."

The answer admitted the execution and delivery of the deed; denied that any amount due Patterson, Wilson, Crittenden, and Felton, or either of them, was included in the $446,849; denied that defendant was a trustee for either of them; denied entry into any except a portion of the property, and averred that the rest was held adversely; admitted suit, judgment, and sale, and that defendant had become a purchaser of a portion, but not of all the tracts alleged in complaint; denied knowledge of the assignments to plaintiff; admitted demand for account and refusal, and then made the following averment:

"When the trust deed was drawn, the said sum of forty nine thousand dollars was included in the sum secured by said trust deed, which was to be paid only after this defendant should be reimbursed the whole amount due and to become due him for the principal then due at the date of the trust deed, with the interest thereon and all subsequent advances and expenses with the interest thereon, and the said forty nine thousand dollars was not agreed by any one to be paid in any other way or in any other event, and it was because of this arrangement that while it was provided in the said trust deed, in the fifth

article thereof, that this defendant should be entitled 'to retain as commission two and one half per cent. on 'the gross amount of all sales made by the said party of the second part' (this defendant), it was provided in the eighth article that the said commissions should not be deducted or charged until all payments above mentioned are made, it being intended thereby to provide that the said forty nine thousand dollars and interest should be paid after the amount due to this defendant for principal, advances, expenses, and interest thereon were paid, and before any commissions were paid to him. And afterwards, on or about the 27th day of September, 1871, the said John B. Felton brought to this defendant the draft of a letter which he desired to have written, addressed and signed by him in duplicate, one whereof was to be delivered and the other to be retained by this defendant, with a statement underwritten, signed by said Felton, certifying to its correctness. And this defendant had the said letter written in duplicate and addressed to the said J. B. Felton, S. M. Wilson, and W. H. Patterson, and signed by this defendant, and delivered the same to said John B. Felton, and one of them he retained, and to the other of them he, in his own hand, added a statement of its correctness, dated and signed by him and returned to this defendant, and which he has ever since retained as the evidence of the agreement existing in respect to said forty nine thousand dollars, and is in the words and figures following:

'SAN FRANCISCO, September 27th, 1871.

'To Messrs. J. B. Felton, S. M. Wilson, and W. H. Patterson.

'GENTLEMEN: I hereby certify that you are entitled to the following sums payable out of a certain deed of trust made to me the first day of October, A.D. 1870, by Juana M. Estudillo, José Ramon Estudillo, José Antonio Estudillo, José Vicente Estudillo, Luis D. Estudillo, Jesus Maria Estudillo, Magdalena E. Nugent, and John Nugent — that is to say:

'J. B. Felton, Esq., to the sum of twenty five thousand dollars; S. M. Wilson, Esq., to the sum of twelve thousand dollars; W. H. Patterson, Esq., to the sum of twelve thousand dollars.

'These sums are to be paid, principal and interest, from the date of said deed as soon as I shall be entirely reimbursed, principal, interest, advances, and expenses.

'Respectfully, yours, &c.,

LE ROY, TH.

JOHN B. FELTON.

'September 27th, 1871.'

"This is the true understanding about the above interests, as will fully appear by the original thereof now in this defendant's possession ready to be produced as the court shall direct."

The answer then set forth facts tending to show a knowledge of these facts in Patterson and Crittenden; denied that there had ever been any other trust, and averred that defendant had not been reimbursed his advances, expenses, &c., but that a large sum was still due him, and denied that he held any money or property in trust for plaintiff.

A trial was had, and it was decreed that the bill be dismissed, from which appeal was taken. The defendant below having deceased, the appellee Le Breton was appointed administrator of his estate, and appeared. The case was argued in this court both on the law and the facts.

*Mr. Henry Beard* and *Mr. Charles H. Armes,* for appellant, cited: *Hidden* v. *Jordan,* 21 Cal. 92; *Case* v. *Codding,* 38 Cal. 191; *Bayles* v. *Baxter,* 22 Cal. 575; *Millard* v. *Hathaway,* 27 Cal. 118; *Currey* v. *Allen,* 34 Cal. 254; *Jenkins* v. *Frink,* 30 Cal. 586; *Burhans* v. *Van Zandt,* 7 N. Y. 523; *Rothwell* v. *Dewees,* 2 Black, 613; *Flagg* v. *Mann,* 2 Sumner, 486, 523; *Kreutz* v. *Livingston,* 15 Cal. 344; *Gunter* v. *Jones,* 9 Cal. 643; *King* v. *Remington,* Sup. Ct. Minnesota, 1886, not yet reported, and cases therein cited.

*Mr. Evans S. Pillsbury,* for appellees, cited: *Dutton* v. *Warschauer,* 21 Cal. 609, 623; *Kreutz* v. *Livingston,* 15 Cal. 344; *Grattan* v. *Wiggins,* 23 Cal. 16; *White* v. *Carpenter,* 2 Paige, 217, 239; *Cunningham* v. *Hawkins,* 27 Cal. 603; *Troll* v. *Carter,* 15 West Va. 567; *Taylor* v. *McClain,* 60 Cal. 651;

*Nat. Bk.* v. *Ins. Co.*, 104 U. S. 54; *Taylor* v. *McClain*, 64 Cal. 513; *Knatchbull* v. *Hallett*, L. R. 13 Ch. Div. 696; *Bayles* v. *Baxter*, 22 Cal. 575; *Wright* v. *Ross*, 36 Cal. 414; *Millard* v. *Hathaway*, 27 Cal. 119; *Hoyt* v. *Martenso*, 16 N. Y. 231; *Roberts* v. *Ware*, 40 Cal. 634; *Twin Lick Oil Co.* v. *Marbury*, 91 U. S. 587; *Bostford* v. *Burr*, 2 Johns. Ch. 405; *Plymouth* v. *Hickman*, 2 Vern. 167; *Roe* v. *Popham*, Doug. 251; *Gibson* v. *Jeyes*, 6 Ves. 266, 270, 280; *Walker* v. *Walker*, 2 Atk. 98; *Lake* v. *Lake*, Ambler, 126; *Bellasis* v. *Compton*, 2 Vern. 294; *Howell* v. *Ransom*, 11 Paige, 538, 540, 542; *Page* v. *Page*, 8 N. H. 187; *Jennings* v. *McConnel*, 17 Ill. 148; *Jackson* v. *Feller*, 2 Wend. 465; *Ford* v. *Harrington*, 16 N. Y. 285, 289; *Wood* v. *Downes*, 18 Ves. 126; *Evans* v. *Ellis*, 5 Denio, 640, 643; *Jones* v. *Tripp*, Jacob, 322; *Cane* v. *Allen*, 2 Dow, 289; *Montesquieu* v. *Sandys*, 18 Ves. 302; *Edwards* v. *Meyrick*, 2 Hare, 60, 68.

MR. JUSTICE HARLAN delivered the opinion of the court.

The amount secured to be paid by the deed of trust executed on the 1st day of October, 1870, by Juana M. Estudillo and others to Theodore Le Roy, was $446,849 in gold coin of the United States. Whether that sum included the $49,000 which is alleged to be due to Patterson, Wilson, Crittenden, and Felton for legal services rendered, cannot be determined by anything in the deed itself. The plaintiff, who sues as assignee of the claims of said attorneys, is compelled to resort to parol evidence to show that the parties to the deed intended to provide for the payment of the $49,000 out of the proceeds of the sale of the trust property, and to that end included it in the aggregate of $446,849. If that evidence was competent, it was the right of the defendant to show by parol evidence that the intention of the parties was to apply the proceeds of sale to the reimbursement of Le Roy, for all advances and payments made and expenses incurred by him, before anything was paid on the claims of the attorneys. Looking at all the evidence, we are satisfied that these propositions are sustained, namely: 1. That the $49,000 was embraced in the

$446,849 ; 2. The former sum was not to be paid until Le Roy was reimbursed the entire amount due and to become due to him on account of principal, interest, advances, and expenses. That the sales of the trust property fell short of meeting these latter demands by a large amount, is clearly established by the record of the suit in which the accounts of the trustee were audited and settled, and by other evidence in this cause.

Upon the whole case we think the decree was right, and it is

*Affirmed.*